E-FILED
Monday, 12 October, 2026 03:35:32 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| **KIMBERLY HAYES, TAMARA CHATTEN, VERUSAKA MELTON, SHEWONN EVANS, SONYA JACKSON, CYNTHIA JONES, and REBECCA PARE,** | ) | **Case No.: 26-cv-1433** |
| **Plaintiffs,** | ) | **JURY TRIAL DEMANDED** |
| **vs.** | ) | |
| **AT&T CORP., AT&T SERVICES, INC., and NICOLE ROUECHE,** | ) | |
| **Defendants.** | ) | |

## COMPLAINT AND JURY DEMAND

NOW COME Plaintiffs Kimberly Hayes, Tamara Chatten, Verusaka Melton, Shewonn Evans, Sonya Jackson, Cynthia Jones, and Rebecca Pare, by and through their attorneys, and for their Complaint against Defendants AT&T Corp., AT&T Services, Inc., and Nicole Roueche, state as follows:

## NATURE OF THE CASE

1. This is a civil rights action for age discrimination, sex discrimination, intersectional sex-and-age discrimination, and retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Illinois Human Rights Act ("IHRA").

2. Plaintiffs are seven women, each over the age of 50, who were among the most senior Customer Account Specialists in AT&T's Peoria, Illinois credit and collections office. When AT&T closed that office in September 2023, it denied each Plaintiff the termination pay her decades of service had earned. AT&T conditioned termination pay on Plaintiffs testing for,

and passing, a physical test for outdoor field jobs that required climbing a utility pole while carrying approximately 50 pounds of equipment, a requirement that had nothing to do with the office work Plaintiffs performed. AT&T paid Plaintiffs a far smaller separation benefit while paying termination pay to younger employees and male employees.

3. Plaintiffs bring their IHRA claims against Nicole Roueche, AT&T's Associate Director who supervised the Peoria office, individually.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, 29 U.S.C. § 626(c), and 42 U.S.C. § 2000e-5(f)(3).

5. This Court has supplemental jurisdiction over Plaintiffs' IHRA claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy as Plaintiffs' federal claims.

6. Venue is proper in the Peoria Division of the Central District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000e-5(f)(3) because the events giving rise to this action occurred in Peoria, Illinois.

**THE PARTIES**

1. Plaintiff Kimberly Hayes ("Hayes") is a woman born in 1967. She resides in Peoria, Illinois. AT&T employed Hayes from December 14, 1990 until September 11, 2023. Hayes was 56 years old when AT&T ended her employment.

2. Plaintiff Tamara Chatten ("Chatten") is a woman born in 1963. She resides in Farmington, Illinois. AT&T employed Chatten from January 9, 1986 until September 11, 2023. Chatten was 60 years old when AT&T ended her employment.

3. Plaintiff Verusaka Melton ("Melton") is a woman born in 1970. She resides in Peoria, Illinois. AT&T employed Melton from February 6, 1995 until September 11, 2023. Melton was 53 years old when AT&T ended her employment.

4. Plaintiff Shewonn Evans ("Evans") is a woman born in 1964. She resides in Peoria, Illinois. AT&T employed Evans from April 28, 1989 until September 11, 2023. Evans was 59 years old when AT&T ended her employment.

5. Plaintiff Sonya Jackson ("Jackson") is a woman born in 1960. She resides in Peoria, Illinois. AT&T employed Jackson from October 24, 1997 until September 11, 2023. Jackson was 63 years old when AT&T ended her employment.

6. Plaintiff Cynthia Jones ("Jones") is a woman born in 1964. She resides in Aurora, Illinois. AT&T employed Jones from January 5, 1998 until September 11, 2023. Jones was 59 years old when AT&T ended her employment.

7. Plaintiff Rebecca Pare ("Pare") is a woman born in 1959. She resides in East Peoria, Illinois. AT&T employed Pare from February 28, 1978 until September 11, 2023. Pare was 64 years old when AT&T ended her employment.

8. Defendant AT&T Corp. is a New York corporation that has been registered to do business in Illinois.

9. Defendant AT&T Services, Inc. is a Delaware corporation registered to do business in Illinois, with its principal office in Dallas, Texas.

10. AT&T Corp. and AT&T Services, Inc. (collectively, "AT&T") jointly employed Plaintiffs and operated as an integrated enterprise with respect to the Peoria office, its closure, and the separation benefits at issue.

11. At all relevant times, AT&T employed more than 20 employees in each of 20 or more calendar weeks in the current or preceding calendar year. AT&T is an "employer" within the meaning of the ADEA, 29 U.S.C. § 630(b), Title VII, 42 U.S.C. § 2000e(b), and the IHRA, 775 ILCS 5/2-101(B).

12. Defendant Nicole Roueche ("Roueche") is, and at all relevant times was, an Associate Director at AT&T who supervised the Peoria Credit & Collections office and Plaintiffs. Roueche's AT&T email signature identified her employer as AT&T Services, Inc. Plaintiffs' IDHR charges and the IDHR proceedings identified Roueche as "Nicole Rouche" and "Nicole Rouse."

## COMMON ALLEGATIONS OF FACT

**Plaintiffs' Employment in AT&T's Peoria Office**

13. AT&T operated a credit and collections call center in Peoria, Illinois (the "Peoria Office").

14. Each Plaintiff worked in the Peoria Office as a Customer Account Specialist, an office-based position.

15. Plaintiffs were members of the International Brotherhood of Electrical Workers Local 21 ("IBEW Local 21"). A collective bargaining agreement between AT&T and the IBEW (the "CBA") governed certain terms of Plaintiffs' employment.

16. Roueche supervised the Peoria Office and was Plaintiffs' supervisor.

17. Each Plaintiff's performance met AT&T's legitimate expectations.

18. AT&T ranked the 33 employees in the Peoria Office's Credit & Collections department by seniority. Plaintiffs held seven of the fifteen most senior positions on that list: Pare (1), Chatten (2), Evans (5), Hayes (6), Melton (9), Jackson (14), and Jones (15).

19. When AT&T closed the Peoria Office, each Plaintiff had more than 25 years of service with AT&T. Pare had more than 45 years of service.

20. Each Plaintiff was over the age of 50 when AT&T closed the Peoria Office.

**The Office Closure and AT&T's Separation Benefits**

21. On or about June 15, 2023, AT&T sent Peoria Office employees a Supplemental Income Protection Program ("SIPP") offer that listed an estimated off-payroll date of September 13, 2023.

22. On June 28, 2023, Roueche brought the Peoria Office employees into a meeting room and told them that AT&T would close the Peoria Office and eliminate their positions. Roueche gave the employees a termination date of September 13, 2023.

23. After the June 28, 2023 meeting, Roueche rarely left her office and actively avoided Plaintiffs when they tried to come to her with questions or concerns about the closure and the process for receiving termination pay.

24. The CBA provided two separation benefits for surplus employees whose positions AT&T eliminated: SIPP benefits and termination payments ("termination pay").

25. Under the CBA, surplus employees were not to be separated from payroll until at least ninety days had passed from the date of notification regarding the reduction in force.

26. AT&T did not follow that requirement.

27. AT&T calculated termination pay based on years of service. Termination pay increased with seniority. For long-service employees like Plaintiffs, termination pay substantially exceeded SIPP benefits.

28. AT&T's employee data base was missing key information such as the Plaintiffs' drivers' licenses, which Plaintiffs attempted to correct by contacting HR.

29. This mistake resulted in the Plaintiffs being treated differently in regards to qualifying for open positions.

30. Under the CBA, AT&T was supposed to release from payroll with termination pay any surplus employee who did not receive a job offer before the termination date, unless AT&T deemed the employee ineligible.

**AT&T's Testing Requirement**

31. AT&T identified only a few vacancies for the Peoria Office employees whose positions it eliminated. None of the vacancies were a Customer Account Specialist position or in the same Title Group of positions as a Customer Account Specialist, and none were in Peoria, nor were they within the Reasonable Commutable Area under the CBA.

32. The vacancies AT&T identified in August 2023 included Customer Systems Technician (Apprentice), Engineering Assistant, Supply Attendant, and Telecommunications Specialist positions in Hammond, Indiana and in Blue Island, Northlake, Oak Park, and East Alton, Illinois.

33. The Customer Systems Technician position was an outdoor field position. AT&T conditioned placement in that position on a satisfactory weight check and required employees placed in it to complete Pole Climbing School to remain on payroll.

34. AT&T's testing for the remaining field positions included a physical test that required the employee to climb a utility pole while carrying approximately 50 pounds of equipment.

35. Climbing a utility pole while carrying 50 pounds of equipment has no relationship to the duties of a Customer Account Specialist.

36. AT&T's testing requirement disproportionately excluded older employees, women, and older women from termination pay.

37. AT&T claimed that Peoria Office employees who did not test, or who tested and failed, may not receive termination pay.

38. Each Plaintiff either took AT&T's testing and did not pass it, or declined to test because she knew she could not meet the physical requirements of the field positions.

39. AT&T did not give Plaintiffs an opportunity to retest, even though AT&T policy required this opportunity.

40. Importantly, shortly after the Plaintiffs went through the testing process AT&T abandoned the entire process for all other younger workers.

41. AT&T did not require all surplus Peoria Office employees to test. After Plaintiffs tested or declined, AT&T decided that other male and younger employees did not need to test or express interest in the vacancies, and AT&T paid those employees termination pay.

**Plaintiffs' Complaints of Discrimination**

42. On August 8, 2023, Peoria Office employee Sheila Childs emailed IBEW Local 21's leadership, with copies to Peoria Office employees including Melton, Hayes, and Chatten, on behalf of the members of the Peoria Credit and Collections office, under the subject line "Surplus-Unfair Testing."

43. The August 8, 2023 complaint objected that AT&T required "an office full of employees that has dedicated anywhere from 21 – 44 years with this company" and who were "at the end of their careers, older, heavier and with a few more ailments" to test for an outdoor job with "weight restrictions, lifting requirements and possible pole climbing," and that "even if the

women in the office miraculously pass the written exam, most will not meet the physical requirements to perform the job."

44. The August 8, 2023 complaint objected that AT&T's process would "eliminate most of the office from receiving termination benefits."

45. Plaintiffs, individually and as a group, complained to IBEW Local 21 representatives that AT&T's testing and termination pay process discriminated against them. Beginning on August 15, 2023, Chatten complained to Union President Mike Grindle, Chief Steward Paul Watters, and union representatives Sheila Childs and Felicia Williams that AT&T's process was age discrimination.

46. Chatten, Melton, and Jackson attempted to raise the Plaintiffs concerns directly with Roueche. Chatten also attempted to complain to AT&T manager Kelley Freeman. Roueche refused to address their concerns and told Jackson to take her concerns to the union.

47. When Evans attempted to speak with the union about the office closure and termination pay, Roueche did not permit her to do so and instructed her to go back to her desk and work.

48. Upon information and belief, AT&T and Roueche knew of Plaintiffs' complaints before AT&T denied Plaintiffs termination pay.

**September 11, 2023**

49. Before AT&T closed the Peoria Office, AT&T presented Plaintiffs with SIPP acknowledgment paperwork. AT&T did not tell Plaintiffs that it would pay other Peoria Office employees termination pay.

50. On September 11, 2023, two days before the announced termination date, Roueche, with an armed guard present, told the Peoria Office employees that AT&T was moving up the closing date and closing the office that day.

51. On September 11, 2023, AT&T met individually with employees and gave them separation paperwork.

52. After their individual meetings on September 11, 2023, Plaintiffs learned from coworkers that AT&T had paid the other employees termination pay.

53. AT&T denied each Plaintiff termination pay and released each Plaintiff from payroll with SIPP benefits only.

54. September 11, 2023 was the last day of employment with AT&T for Tamara Chatten, Verusaka Melton, Shewonn Evans , Sonya Jackson, Cynthia Jones, and Rebecca Pare.

55. Because she was out on medical leave, Kimberly Hayes' last day of employment with AT&T was October 3, 2023.

56. Upon information and belief, AT&T paid termination pay to Peoria Office employees who were substantially younger than Plaintiffs and to male employees.

57. AT&T's denial of termination pay fell on the most senior women in the Peoria Office, each of whom was over 50.

58. After September 11, 2023, Roueche was not available to Plaintiffs, and the union stewards who had previously been available were on leave.

59. AT&T knew of its obligations under the ADEA, Title VII, and the IHRA, and acted willfully and with reckless indifference to Plaintiffs' federally protected rights when it denied Plaintiffs termination pay.

60. AT&T also did not merely follow the CBA when determining who received termination pay because it abandoned the process laid out in the CBA shortly after making the Plaintiffs jump through

61. AT&T's denial of termination pay caused Plaintiffs to lose substantial compensation and benefits and to suffer emotional distress, humiliation, and inconvenience.

**Administrative Exhaustion**

62. On July 8, 2024, each Plaintiff filed a charge of age discrimination, sex discrimination, and retaliation against AT&T with the Illinois Department of Human Rights ("IDHR"), which IDHR cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). On the same date, each Plaintiff filed a charge of retaliation against Roueche with IDHR.

63. In October 2025, IDHR dismissed Plaintiffs' charges for lack of jurisdiction. Plaintiffs filed timely requests for review with the Illinois Human Rights Commission, which vacated the dismissals and ordered further investigation.

64. Subsequently, IDHR issued Notices of Dismissal on each of Plaintiffs' charges.

65. Plaintiffs filed this action within 90 days of receiving IDHR's Notices of Dismissal, as 775 ILCS 5/7A-102(D)(3) permits.

66. Plaintiffs requested Notices of Right to Sue from the EEOC on October 9, 2026 and will supplement this Complaint upon receipt.

67. Plaintiffs exhausted their administrative remedies for this action.

## COUNT I

## ADEA—Age Discrimination (Disparate Treatment) against AT&T

68. Plaintiffs restate and re-allege the Common Allegations of Fact as if set forth herein.

69. Each Plaintiff was over 40 years of age when AT&T denied her termination pay.

70. AT&T treated Plaintiffs less favorably than substantially younger employees when it required Plaintiffs to test for field positions as a condition of termination pay, denied Plaintiffs termination pay, and paid termination pay to younger employees.

71. Plaintiffs' age was the but-for cause of AT&T's decision to deny them termination pay.

72. AT&T's violations of the ADEA were willful.

73. AT&T's actions violated the ADEA, 29 U.S.C. § 623(a).

74. AT&T's actions caused Plaintiffs to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Kimberly Hayes, Tamara Chatten, Verusaka Melton, Shewonn Evans , Sonya Jackson, Cynthia Jones, and Rebecca Pare request that this Court enter judgment in their favor and against AT&T Corp. and AT&T Services, Inc. for back pay, including the termination pay AT&T denied them, lost benefits, liquidated damages for AT&T's willful violations, equitable relief, attorney's fees, costs, pre- and post-judgment interest, any such other damages as this Court deems necessary to make them whole, and for such other and further relief as this Court deems just and equitable.

**COUNT II**

**ADEA—Age Discrimination (Disparate Impact) against AT&T**

75. Plaintiffs restate and re-allege the Common Allegations of Fact as if set forth herein.

76. AT&T applied a policy and practice to the surplus Peoria Office employees that conditioned termination pay on testing for, and passing, testing for field positions that included a physical pole-climbing requirement, and that denied termination pay to employees who declined to test or did not pass.

77. AT&T's policy and practice had a significant disparate impact on Peoria Office employees over the age of 50, including Plaintiffs, who were disproportionately denied termination pay.

78. AT&T's policy and practice was not based on a reasonable factor other than age. Requiring long-tenured office employees to climb a utility pole while carrying 50 pounds of equipment to keep earned termination pay was unrelated to their positions and to any legitimate business purpose of the office closure.

79. AT&T's actions violated the ADEA, 29 U.S.C. § 623(a)(2).

80. AT&T's actions caused Plaintiffs to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Kimberly Hayes, Tamara Chatten, Verusaka Melton, Shewonn Evans , Sonya Jackson, Cynthia Jones, and Rebecca Pare request that this Court enter judgment in their favor and against AT&T Corp. and AT&T Services, Inc. for back pay, including the termination pay AT&T denied them, lost benefits, liquidated damages, equitable relief, attorney's

fees, costs, pre- and post-judgment interest, any such other damages as this Court deems necessary to make them whole, and for such other and further relief as this Court deems just and equitable.

**COUNT III**

**TITLE VII—Sex Discrimination (Disparate Treatment) against AT&T**

81. Plaintiffs restate and re-allege the Common Allegations of Fact as if set forth herein.

82. Each Plaintiff is a woman.

83. AT&T treated Plaintiffs less favorably than male employees when it required Plaintiffs to test for field positions as a condition of termination pay, denied Plaintiffs termination pay, and, upon information and belief, paid termination pay to male employees.

84. Plaintiffs' sex was a motivating factor in AT&T's decision to deny them termination pay.

85. AT&T acted with malice or reckless indifference to Plaintiffs' federally protected rights.

86. AT&T's actions violated Title VII, 42 U.S.C. § 2000e-2(a).

87. AT&T's actions caused Plaintiffs to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Kimberly Hayes, Tamara Chatten, Verusaka Melton, Shewonn Evans , Sonya Jackson, Cynthia Jones, and Rebecca Pare request that this Court enter judgment in their favor and against AT&T Corp. and AT&T Services, Inc. for back pay, including the termination pay AT&T denied them, lost benefits, compensatory damages, punitive damages, equitable relief, attorney's fees, costs, pre- and post-judgment interest, any such other damages as

this Court deems necessary to make them whole, and for such other and further relief as this Court deems just and equitable.

**COUNT IV**

**TITLE VII—Sex Discrimination (Disparate Impact) against AT&T**

88. Plaintiffs restate and re-allege the Common Allegations of Fact as if set forth herein.

89. AT&T applied a policy and practice to the surplus Peoria Office employees that conditioned termination pay on testing for, and passing, testing for field positions that included a physical pole-climbing requirement, and that denied termination pay to employees who declined to test or did not pass.

90. AT&T's policy and practice had a disparate impact on women, including Plaintiffs.

91. AT&T's policy and practice was not job related for the Customer Account Specialist position and was not consistent with business necessity.

92. Less discriminatory alternatives existed, including paying termination pay to surplus Customer Account Specialists without requiring them to test for unrelated field positions, limiting testing to positions that matched the surplus employees' job titles, and offering retesting.

93. AT&T's actions violated Title VII, 42 U.S.C. § 2000e-2(k).

94. AT&T's actions caused Plaintiffs to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Kimberly Hayes, Tamara Chatten, Verusaka Melton, Shewonn Evans , Sonya Jackson, Cynthia Jones, and Rebecca Pare request that this Court enter judgment in their favor and against AT&T Corp. and AT&T Services, Inc. for back pay, including the

termination pay AT&T denied them, lost benefits, equitable relief, attorney's fees, costs, pre- and post-judgment interest, any such other damages as this Court deems necessary to make them whole, and for such other and further relief as this Court deems just and equitable.

**COUNT V**

**TITLE VII AND ADEA—Intersectional Discrimination on the Basis of Sex and Age against AT&T**

95. Plaintiffs restate and re-allege the Common Allegations of Fact as if set forth herein.

96. Plaintiffs are women over the age of 50.

97. AT&T treated Plaintiffs, as older women, less favorably than male employees and younger employees when it required Plaintiffs to test for field positions as a condition of termination pay, denied Plaintiffs termination pay, and paid termination pay to younger employees and male employees.

98. AT&T's testing requirement, which demanded that long-tenured office employees climb a utility pole while carrying 50 pounds of equipment, fell most heavily on older women and operated to deny termination pay to the most senior women in the Peoria Office.

99. The combination of Plaintiffs' sex and age motivated AT&T's decision to deny them termination pay.

100. AT&T's actions violated Title VII, 42 U.S.C. § 2000e-2, and the ADEA, 29 U.S.C. § 623(a).

101. AT&T's actions caused Plaintiffs to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Kimberly Hayes, Tamara Chatten, Verusaka Melton, Shewonn Evans , Sonya Jackson, Cynthia Jones, and Rebecca Pare request that this Court enter judgment in their favor and against AT&T Corp. and AT&T Services, Inc. for back pay, including the termination pay AT&T denied them, lost benefits, liquidated damages, compensatory damages, punitive damages, equitable relief, attorney's fees, costs, pre- and post-judgment interest, any such other damages as this Court deems necessary to make them whole, and for such other and further relief as this Court deems just and equitable.

**COUNT VI**

**IHRA—Age Discrimination (Disparate Treatment) against AT&T**

102. Plaintiffs restate and re-allege the Common Allegations of Fact as if set forth herein.

103. Each Plaintiff was over 40 years of age when AT&T denied her termination pay.

104. AT&T treated Plaintiffs less favorably than substantially younger employees when it required Plaintiffs to test for field positions as a condition of termination pay, denied Plaintiffs termination pay, and paid termination pay to substantially younger employees who did not test.

105. AT&T denied Plaintiffs termination pay because of their age.

106. AT&T's actions violated the IHRA, 775 ILCS 5/2-102(A).

107. AT&T's actions caused Plaintiffs to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Kimberly Hayes, Tamara Chatten, Verusaka Melton, Shewonn Evans , Sonya Jackson, Cynthia Jones, and Rebecca Pare request that this Court enter judgment in

their favor and against AT&T Corp. and AT&T Services, Inc. for actual damages, including the termination pay AT&T denied them, lost benefits, compensatory damages for emotional distress, equitable relief, attorney's fees, costs, pre- and post-judgment interest, any such other damages as this Court deems necessary to make them whole, and for such other and further relief as this Court deems just and equitable.

**COUNT VII**

**IHRA—Age Discrimination (Disparate Impact) against AT&T**

108. Plaintiffs restate and re-allege the Common Allegations of Fact as if set forth herein.

109. AT&T's policy and practice of conditioning termination pay on testing for, and passing, testing for field positions that included a physical pole-climbing requirement had a disparate impact on Peoria Office employees over the age of 50, including Plaintiffs.

110. AT&T's policy and practice was not job related for the Customer Account Specialist position and was not justified by business necessity.

111. AT&T's actions violated the IHRA, 775 ILCS 5/2-102(A).

112. AT&T's actions caused Plaintiffs to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Kimberly Hayes, Tamara Chatten, Verusaka Melton, Shewonn Evans , Sonya Jackson, Cynthia Jones, and Rebecca Pare request that this Court enter judgment in their favor and against AT&T Corp. and AT&T Services, Inc. for actual damages, including the termination pay AT&T denied them, lost benefits, compensatory damages for emotional distress, equitable relief, attorney's fees, costs, pre- and post-judgment interest, any such other damages as

this Court deems necessary to make them whole, and for such other and further relief as this Court deems just and equitable.

**COUNT VIII**

**IHRA—Sex Discrimination (Disparate Treatment) against AT&T**

113. Plaintiffs restate and re-allege the Common Allegations of Fact as if set forth herein.

114. Each Plaintiff is a woman.

115. AT&T treated Plaintiffs less favorably than male employees when it required Plaintiffs to test for field positions as a condition of termination pay, denied Plaintiffs termination pay, and, upon information and belief, paid termination pay to male employees.

116. AT&T denied Plaintiffs termination pay because of their sex.

117. AT&T's actions violated the IHRA, 775 ILCS 5/2-102(A).

118. AT&T's actions caused Plaintiffs to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Kimberly Hayes, Tamara Chatten, Verusaka Melton, Shewonn Evans , Sonya Jackson, Cynthia Jones, and Rebecca Pare request that this Court enter judgment in their favor and against AT&T Corp. and AT&T Services, Inc. for actual damages, including the termination pay AT&T denied them, lost benefits, compensatory damages for emotional distress, equitable relief, attorney's fees, costs, pre- and post-judgment interest, any such other damages as this Court deems necessary to make them whole, and for such other and further relief as this Court deems just and equitable.

**COUNT IX**

**IHRA—Sex Discrimination (Disparate Impact) against AT&T**

119. Plaintiffs restate and re-allege the Common Allegations of Fact as if set forth herein.

120. AT&T's policy and practice of conditioning termination pay on testing for, and passing, testing for field positions that included a physical pole-climbing requirement had a disparate impact on women, including Plaintiffs.

121. AT&T's policy and practice was not job related for the Customer Account Specialist position and was not justified by business necessity.

122. AT&T's actions violated the IHRA, 775 ILCS 5/2-102(A).

123. AT&T's actions caused Plaintiffs to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Kimberly Hayes, Tamara Chatten, Verusaka Melton, Shewonn Evans , Sonya Jackson, Cynthia Jones, and Rebecca Pare request that this Court enter judgment in their favor and against AT&T Corp. and AT&T Services, Inc. for actual damages, including the termination pay AT&T denied them, lost benefits, compensatory damages for emotional distress, equitable relief, attorney's fees, costs, pre- and post-judgment interest, any such other damages as this Court deems necessary to make them whole, and for such other and further relief as this Court deems just and equitable.

**COUNT X**

**IHRA—Intersectional Discrimination on the Basis of Sex and Age against AT&T**

124. Plaintiffs restate and re-allege the Common Allegations of Fact as if set forth herein.

125. Plaintiffs are women over the age of 50.

126. AT&T treated Plaintiffs, as older women, less favorably than male employees and younger employees when it required Plaintiffs to test for field positions as a condition of termination pay, denied Plaintiffs termination pay, and paid termination pay to younger employees and male employees.

127. AT&T's testing requirement fell most heavily on older women and operated to deny termination pay to the most senior women in the Peoria Office.

128. AT&T denied Plaintiffs termination pay because of the combination of their sex and age.

129. AT&T's actions violated the IHRA, 775 ILCS 5/2-102(A).

130. AT&T's actions caused Plaintiffs to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Kimberly Hayes, Tamara Chatten, Verusaka Melton, Shewonn Evans , Sonya Jackson, Cynthia Jones, and Rebecca Pare request that this Court enter judgment in their favor and against AT&T Corp. and AT&T Services, Inc. for actual damages, including the termination pay AT&T denied them, lost benefits, compensatory damages for emotional distress, equitable relief, attorney's fees, costs, pre- and post-judgment interest, any such other damages as this Court deems necessary to make them whole, and for such other and further relief as this Court deems just and equitable.

**COUNT XI**

**ADEA—Retaliation against AT&T**

131. Plaintiffs restate and re-allege the Common Allegations of Fact as if set forth herein.

132. Plaintiffs engaged in protected activity when they opposed AT&T's testing and termination pay process as discriminatory on the basis of age and sex, including through the August 8, 2023 complaint, their individual complaints to union representatives, and their attempts to complain to Roueche and other AT&T management.

133. AT&T retaliated against Plaintiffs because of their protected activity when it denied them termination pay and released them from payroll with SIPP benefits only.

134. Plaintiffs' protected activity was the but-for cause of AT&T's decision to deny them termination pay.

135. AT&T's violations of the ADEA were willful.

136. AT&T's actions violated the ADEA, 29 U.S.C. § 623(d).

137. AT&T's actions caused Plaintiffs to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Kimberly Hayes, Tamara Chatten, Verusaka Melton, Shewonn Evans , Sonya Jackson, Cynthia Jones, and Rebecca Pare request that this Court enter judgment in their favor and against AT&T Corp. and AT&T Services, Inc. for back pay, including the termination pay AT&T denied them, lost benefits, liquidated damages for AT&T's willful violations, equitable relief, attorney's fees, costs, pre- and post-judgment interest, any such other damages as this Court deems necessary to make them whole, and for such other and further relief as this Court deems just and equitable.

**COUNT XII**

**TITLE VII—Retaliation against AT&T**

138. Plaintiffs restate and re-allege the Common Allegations of Fact as if set forth herein.

139. Plaintiffs engaged in protected activity when they opposed AT&T's testing and termination pay process as discriminatory on the basis of age and sex, including through the August 8, 2023 complaint, their individual complaints to union representatives, and their attempts to complain to Roueche and other AT&T management.

140. AT&T retaliated against Plaintiffs because of their protected activity when it denied them termination pay and released them from payroll with SIPP benefits only.

141. Plaintiffs' protected activity was the but-for cause of AT&T's decision to deny them termination pay.

142. AT&T's actions violated Title VII, 42 U.S.C. § 2000e-3(a).

143. AT&T's actions caused Plaintiffs to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Kimberly Hayes, Tamara Chatten, Verusaka Melton, Shewonn Evans , Sonya Jackson, Cynthia Jones, and Rebecca Pare request that this Court enter judgment in their favor and against AT&T Corp. and AT&T Services, Inc. for back pay, including the termination pay AT&T denied them, lost benefits, compensatory damages, punitive damages, equitable relief, attorney's fees, costs, pre- and post-judgment interest, any such other damages as this Court deems necessary to make them whole, and for such other and further relief as this Court deems just and equitable.

**COUNT XIII**

**IHRA—Retaliation against AT&T**

144. Plaintiffs restate and re-allege the Common Allegations of Fact as if set forth herein.

145. Plaintiffs engaged in protected activity when they opposed AT&T's testing and termination pay process as discriminatory on the basis of age and sex, including through the August 8, 2023 complaint, their individual complaints to union representatives, and their attempts to complain to Roueche and other AT&T management.

146. AT&T retaliated against Plaintiffs because of their protected activity when it denied them termination pay and released them from payroll with SIPP benefits only.

147. AT&T's actions violated the IHRA, 775 ILCS 5/6-101(A).

148. AT&T's actions caused Plaintiffs to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Kimberly Hayes, Tamara Chatten, Verusaka Melton, Shewonn Evans, Sonya Jackson, Cynthia Jones, and Rebecca Pare request that this Court enter judgment in their favor and against AT&T Corp. and AT&T Services, Inc. for actual damages, including the termination pay AT&T denied them, lost benefits, compensatory damages for emotional distress, equitable relief, attorney's fees, costs, pre- and post-judgment interest, any such other damages as this Court deems necessary to make them whole, and for such other and further relief as this Court deems just and equitable.

**COUNT XIV**

**IHRA—Retaliation against Roueche**

149. Plaintiffs restate and re-allege the Common Allegations of Fact as if set forth herein.

150. Plaintiffs engaged in protected activity when they opposed AT&T's testing and termination pay process as discriminatory on the basis of age and sex, including through the

August 8, 2023 complaint, their individual complaints to union representatives, and their attempts to complain to Roueche and other AT&T management.

151. Roueche retaliated against Plaintiffs because of their protected activity when she refused to address their complaints, prevented Evans from speaking with the union, closed the Peoria Office two days early with an armed guard present, and participated in AT&T's denial of termination pay to Plaintiffs.

152. Roueche's actions violated the IHRA, 775 ILCS 5/6-101(A).

153. Roueche's actions caused Plaintiffs to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Kimberly Hayes, Tamara Chatten, Verusaka Melton, Shewonn Evans, Sonya Jackson, Cynthia Jones, and Rebecca Pare request that this Court enter judgment in their favor and against Nicole Roueche for actual damages, compensatory damages for emotional distress, attorney's fees, costs, pre- and post-judgment interest, any such other damages as this Court deems necessary to make them whole, and for such other and further relief as this Court deems just and equitable.

**COUNT XV**

**IHRA—Aiding and Abetting against Roueche**

154. Plaintiffs restate and re-allege the Common Allegations of Fact as if set forth herein.

155. Roueche aided and abetted AT&T's civil rights violations when she administered AT&T's testing requirement and closure process at the Peoria Office, refused to address Plaintiffs' complaints, and participated in AT&T's denial of termination pay to Plaintiffs.

156. Roueche's actions violated the IHRA, 775 ILCS 5/6-101(B).

157. Roueche's actions caused Plaintiffs to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Kimberly Hayes, Tamara Chatten, Verusaka Melton, Shewonn Evans, Sonya Jackson, Cynthia Jones, and Rebecca Pare request that this Court enter judgment in their favor and against Nicole Roueche for actual damages, compensatory damages for emotional distress, attorney's fees, costs, pre- and post-judgment interest, any such other damages as this Court deems necessary to make them whole, and for such other and further relief as this Court deems just and equitable.

**JURY DEMAND**

Plaintiffs demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: October 12, 2026

Respectfully submitted,

*/s/ Kelsey A. W. Marquard*
Kelsey A. W. Marquard, ARDC 6311205
O'Brien & Marquard, P.L.C.
2322 East Kimberly Road, Suite 140S
Davenport, Iowa 52807
563-355-6060 Telephone
563-355-6666 Facsimile
kawm@emprights.com Email

Lori A. Bullock, Admission Requested
Bullock Law, PLLC
309 E. 5th Street, Suite 202B
Des Moines, Iowa 50309
(515) 423-0551 Telephone
lbullock@bullocklawpllc.com Email

ATTORNEYS FOR PLAINTIFFS